AB:JV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

RAYMOND ORWIN PTOLEMY HARRY,

   Defendant.

- - - - - - - - - - - - - - - X

COMPLAINT

(21 U.S.C. §§ 952(a) and 960(b)(2)(B))

Case No. 19 MJ 1001

EASTERN DISTRICT OF NEW YORK, SS:

    RYAN W. SHIPLEY, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    On or about October 27, 2019, within the Eastern District of New York and elsewhere, the defendant RAYMOND ORWIN PTOLEMY HARRY did knowingly, intentionally and unlawfully import into the United States from a place outside thereof, cocaine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960(b)(2)(B))

The source of your deponent's information and the grounds for his beliefs are as follows:[1]

1. On or about October 27, 2019, the defendant HARRY arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard Caribbean Airlines Flight number BW 524, having transited through Port of Spain Trinidad and Tobago from Georgetown, Guyana.

2. After disembarking from his flight, HARRY was carrying one carry-on bag, a blue "SD-LN" brand bag.

3. After clearing immigrations at JFK, HARRY proceeded to the baggage claim area. HARRY collected one checked bag – a black "Jing-Pin" brand suitcase. After collecting the black suitcase, HARRY was stopped by a U.S. Customs and Border Protection ("CBP") Officer and questioned by the CBP Officer.

4. HARRY answered the CBP Officer's questions, confirming that HARRY had collected all of his luggage, that the bags belonged to HARRY, that HARRY had packed the bags himself, and that everything inside the luggage belonged to HARRY.

5. When asked if anyone had given him anything to bring into the United States, HARRY told the CBP Officer "No."

6. Upon inspection of the blue "SD-LN" brand bag, the CBP officers found a white powdery substance secreted in the walls of the bag, which were unusually thick.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

7. The white powdery substance from the blue "SD-LN" brand bag was field tested and tested positive for narcotics and tested positive for cocaine.

8. Upon inspection of the black "Jing-Pin" brand suitcase, the CBP officers again found a white powdery substance concealed in the walls of the suitcase, which were unusually thick.

9. The white powdery substance from the black "Jing-Pin" brand suitcase was field tested and tested positive for narcotics and tested positive for cocaine.

10. In the blue "SD-LN" brand bag, the CBP Officer found 773.9 grams of the white powdery substance.

11. In the black "Jing Pin" brand suitcase, the CBP Officer found 498.8 grams of the white powdery substance.

12. CBP placed HARRY under arrest and notified HSI.

13. Upon their arrival, HSI took HARRY into custody and advised HARRY of his Miranda rights, which he acknowledged orally and in writing. The defendant agreed to waive those rights. After waiving his Miranda rights, defendant HARRY admitted that he had received the luggage before his departure from someone in Guyana to whom he owed a debt. HARRY told HSI in sum and substance that, in exchange for delivering the luggage to a contact in New York, his debt would be forgiven. HARRY further told HSI that when he received the empty luggage, he had felt that something was concealed in the walls of the luggage. HARRY admitted that he knew the luggage contained narcotics before he left Guyana. HARRY stated that he was given a telephone number for a contact when he landed in New York, and was told that the contact would pick HARRY up from the airport and take the luggage.

4

WHEREFORE, your deponent respectfully requests that the defendant HARRY be dealt with according to law.

_____
Ryan W. Shipley
Special Agent
Homeland Security Investigations

Sworn to me before this
28th day of October, 2019

_____
THE HONORABLE RAMON E. REYES
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK